## MANSUR v. ABRAHAM et al.

### MEREY v. SAME.

### No. 1497.

Court of Appeal of Louisiana. First Circuit.

Dec. 9, 1935.

For former opinion, see 159 So. 146.

Robert A. Ainsworth, Jr., and Sam Monk Zelden, both of New Orleans, for appellants.

Taylor, Porter & Brooks, of Baton Rouge, for appellees.

DORE, Judge.

On the original hearing of this case, we held, on the plea of prescription, that the cause of action had not prescribed. Upon

rehearing, we certified the question to the Supreme Court as to whether or not the plea of prescription was good; and, in answer thereto, the Supreme Court instructed us that the plea of prescription was not well taken. See Peter Mansur v. Joseph Abraham et al. (La.Sup.) 164 So. 421. According to the instruction of the Supreme Court, our former ruling thereon is therefore reinstated.

### Merits.

On the merits, we held that the driver of the automobile was not negligent.

The witnesses all testify that defendant Abraham, the driver of the automobile, was traveling about in the center of the highway at a speed of about twenty-five or thirty miles an hour. The road where the accident happened was level and straight and was an improved road, commonly known as "black top."

Abraham was traveling in the direction of the city of Baton Rouge; there was an automobile traveling in the opposite direction, that is, headed towards Hammond. It was when Abraham came in close proximity of the approaching car that he attempted to turn to his right, and then ran into the parked, unlighted, and unattended truck. All witnesses, and particularly the plaintiffs, agree that they were blinded by the lights of the approaching car; and plaintiffs testify that they did not do or say anything to Abraham. Mrs. Merey, one of the plaintiffs, testified that Abraham became blinded at the moment he attempted to turn to his right and his running into the truck, at which time the other car passed.

The road being straight and level for some distance, Abraham and the occupants of the car should have seen by the lights the approach of the approaching car for some distance, and it was his duty to take to his right and have his car under such control as to avoid any accident. It is common knowledge that headlights of automobiles can be perceived or seen from quite a distance at night. Mrs. Hannie testified that the on-coming automobile was seen from far, and that all perceived the brightness of the lights.

Abraham did not slow down his speed or stop, nor did he apply his brakes at the time he became blinded by the on-coming car; upon perceiving the parked truck, he did not apply his brakes nor attempt in any way to avert the accident.

It is contended by defendants that the proximate cause of this accident was this parked, unattended truck without lights—all in violation of the Act No. 296 of 1928. This may be so, yet Abraham contributed to the accident. Likewise, Abraham violated provisions of Act No. 296 of 1928 in not traveling to his right, and in not having headlights "sufficient to render clearly discernible a person two hundred feet ahead." Section 52. If he had had such a headlight, he could have seen this parked truck prior to his being blinded by the on-coming car.

In the case of O'Rourke v. McConaughey reported in 157 So. 598, Judge Leche of the Court of Appeal, Orleans, exhaustively reviewed the jurisprudence of this state involving the subject-matter under review therein. And in that case, the court said, quoting from page 605, of 157 So.:

"From the foregoing jurisprudence of this state the general rule emerges, by the weight of authority, that the operator of a motor vehicle on a public highway shall have his car under such control that he can bring it to a complete stop within the range of his vision or the penetration of his headlights."

Having reached the conclusion that Abraham was negligent in this case, we now pass to the plea of contributory negligence, if any, of the plaintiffs as pleaded in the alternative by defendant.

As to Mr. Peter Mansur, from the above-quoted facts, we have reached the conclusion that he was negligent and at fault in not warning Abraham that he was traveling practically in the center of the highway, not demanding that Abraham have his car under control as soon as he perceived that the on-coming car had extra bright lights; not warning or demanding of Abraham that he stop or slow down when blinded or about to be blinded, and not to proceed until proper safety was assured and proper steps taken. He admits he was sitting on the front seat and was observant of all things. He perceived the bright lights of the on-coming car, and perceived that Abraham's lights were dim; he allowed, according to his own testimony, Abraham to proceed, practically in the center of the road, and, in accordance with Mrs. Merey, the other plaintiff, more to the left of the center, to within one hundred feet of the on-coming car without protest. He should not recover.

As to Mrs. Merey, the other plaintiff, her negligence is not so striking as that of her father, Peter Mansur. She was in the rear of the auto, immediately back of the driver. She states that she made no protest in the manner in which Abraham was driving in the center of the highway, without moderation of his speed; that she perceived the blinding lights of the on-coming car. Be that as it may, yet we cannot say that she was negligent in that we would be countenancing back-seat driving. We now pass to the quantum of damages, if any, she is entitled.

She proved no physical injury whatsoever. She was probably jarred and shaken up, but not to any extent that which would justify us in granting her any damages. In fact, she has proven none. Her next claim for damages is for the loss of her purse in which there were a diamond ring and a diamond broach. On that score, she alone testified. Her testimony is to the effect that she was wearing a diamond ring and a diamond broach at the funeral which was held at Hattiesburg, Miss.; that after the funeral, she removed the diamond ring from her finger and the broach from her person, and she put her purse on her lap; that the car in which they were traveling was an inclosed car; that all windows were up; that she was thrown forward; that immediately after the accident she went to the rescue of her father; that after removing her father from the automobile to another automobile she perceived her purse was missing; that she made search therefor to no avail; she further testified that other persons, besides those in her company, immediately visited the scene of the accident. She also perceived the loss of her purse when about to leave.

The question which strikes most forcibly is the fact that she failed to explain the reason why she removed the ring from off her finger and the broach from her clothes and put them in her purse. The safest place to carry such expensive jewelry while on such a trip was to wear them, and it was through her own negligence that she lost them, if any. Besides, the windows of the car were up, and she fails to explain how the purse was not in the car at the time she visited the car.

The burden was upon her to show that the loss of the purse and the jewelry, if any, was lost by virtue of the accident;

she has failed to establish this to a certainty; to make it probable is not enough.

For the sake of argument, admitting that she did lose her purse and her diamonds, she has failed to prove their value. She testified that her husband gave her the jewelry. Yet she failed to call her husband as a witness to testify as to where he had purchased the jewelry and the price he paid for the same. The testimony of John George is to the effect that he sold to her husband jewelry of like kind and description, but that he knew not of the disposition thereof. It was incumbent upon Mrs. Merey to make out her case to a certainty—to make it probable was not enough.

For these reasons, the former judgment of this court dismissing plaintiffs' suit at their costs is hereby reinstated and made final; and, accordingly, in the case of Peter Mansur, a decree is entered affirming our former judgment, all at his costs; and a separate decree likewise will be entered in the case of Mrs. Thomas E. Merey.

LE BLANC, J., concurs.